UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:09-cv-03922 |
| | § | |
| 94,700 EUROS AND $5,600.00 IN | § | |
| U.S. CURRENCY | § | |
| Defendants, | § | |

**AMENDED JOINT DISCOVERY/ CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

Please restate the instruction before furnishing the information.

**1.**   State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.

Shane C. Perry, attorney for the Claimants and Albert Ratliff, Assistant U.S. Attorney for the Plaintiff, met on March 23, 2010.

**2.**   List the cases related to this one that are pending in any state or federal court with the case number and court.

None.

**3.**   <u>Briefly</u> describe what the case is about.

The United States alleges that the Claimants attempted to smuggle over $10,000 into the United States and the Claimants deny this allegations.

**4.**   Specify the allegation of federal jurisdiction.

This Court has jurisdiction pursuant to 28 U.S.C. §1355 because this is an action for forfeiture.

    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355 and 1395 (a) and (b) because the acts or omissions giving rise to the forfeiture occurred in the Southern District of Texas, the property was found and is located in the Southern District of Texas, and this forfeiture action accrued in the Southern District of Texas.

5.    Name the parties who disagree and the reasons.

    None.

6.    List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

    None.

7.    List anticipated interventions.

    None.

8.    Describe class-action issues.

    None.

9.    State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

    The Parties will complete their initial disclosures by April 30.

10.    Describe the proposed agreed discovery plan, including:

    A. Responses to all the matters raised in Rule 26(f).

    By the Parties, April 30, 2010.

    B. When and to whom the plaintiff anticipates it may send interrogatories.

    By May 30, 2010 to the Claimants.

    C. When and to whom the defendant anticipates it may send interrogatories.

By May 30, 2010 to the Custom and Border Protection Officers, employees of the forfeiture unit, and Bank of America and individuals with knowledge concerning the fines, penalties and forfeiture account.

D. Of whom and by when the plaintiff anticipates taking oral depositions.

The Plaintiff plans to take the Claimant's deposition by July 15, 2010.

E. Of whom and by when the defendant anticipates taking oral depositions.

The Claimants plan to take deposition of the Customs and Border Protection Officers, employees with knowledge of the policies and procedures followed by the forfeiture unit, and Bank of America individuals with knowledge of the polices and procedures relating to the fines, forfeiture and penalties account by August 1, 2010.

F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

Plaintiff's designation of expert and provide report by June 15, 2010.

G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Language expert by August 1, 2010.

H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Language and accounting/financial expert by August 1, 2010.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

      None.

13. State the date the planned discovery can be reasonably completed.

    September 15, 2010 by both parties.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    The parties have reached a tentative agreement.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    The parties have had extensive discussions and have drafted a tentative agreement.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

    None by the parties.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    The parties request a trial by the District Judge.

18. State whether a jury demand has been made and if was made on time.

    Claimants made a timely demand for a jury trail.

19. Specify the number of hours it will take to present the evidence in this case.

    Fifteen to twenty hours.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

None.

21. List other motions pending.

    None.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    None.

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

    Certificate of Interested Parties by United States of America filed on 12/08/2009, Dkt. #2.

    Certificate of Interested Parties by Chu Yuan Zhou, Shu Ting Chen, and King Huang Zhou filed on 01/26/2010, Dkt. #7.

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

Counsel for Plaintiff
Albert Ratliff, Attorney-in-Charge
NY Bar No. 1073907, SDTX Bar No. 6764
Assistant United States Attorney
United States Attorney's Office
P. O. Box 61129
Houston, Texas  77208
Office (713) 567-9579
E-mail albert.ratliff@usdoj.gov

Counsel for the Claimants
Shane C. Perry
Attorney-in-Charge for Claimants
Perry & Perry, PLLP
Parkdale1, Suite 270
5401 Gamble Drive

Minneapolis, MN 55416
Tel.: 952-546-3555

Jerry M. Young
Attorney for Claimants
3 East Greenway Plaza, Suite 2000
Houston, Texas 77046-0307
(713) 651-0111
Texas Bar No. 0078530 I
Federal I.D. No. 15451

                          Respectfully submitted,

<u>/s/ Albert Ratliff</u>                                      <u>March 24, 2010</u>
Albert Ratliff, AUSA
Counsel for Plaintiff


<u>/s/  Shane C. Perry</u>                                 <u>March 25,2010</u>
Shane C. Perry
Counsel for Claimants